UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAX TELECOM OOD,

        Plaintiff,

   v.

JUNI AMERICA, INC.,

        Defendant.

C15-2006-TSZ

ORDER

THIS MATTER comes before the Court upon plaintiff's Motion for Summary Judgment to recognize its foreign money judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act, RCW 6.40A *et seq*.  After reviewing plaintiff's motion, to which no opposition was filed, the Court enters the following order.

*Background*

In September 2011 plaintiff, a Bulgarian entity, entered into a contract for the provision of goods with defendant, a corporation based in Redmond, Washington.[1]  In March 2014 plaintiff commenced an action in Bulgaria for breach of contract against

---

[1] The background is taken from the certified translation of the underlying decision of the Bulgarian court. *See* docket no. 3

ORDER - 1

defendant.  The Bulgarian court determined that defendant received adequate notice and service of process and entered judgment (the "Bulgarian Judgment") against defendant who failed to defend or otherwise appear.  The Bulgarian court ordered defendant to pay: (i) $1,007,349.37 plus statutory interest (comprising $980,000 in principal and $27,349.37 in prejudgment interest); and (ii) 94,164.27 Bulgarian lev ("BGN") plus statutory interest (comprising BGN 30,291.49 for consequential damages, BGN 2,221.70 for interest, and BGN 61,651.08 for arbitration expenses).  Plaintiff subsequently brought this action to enforce the Bulgarian Judgment.

*Analysis*

Washington has enacted the Uniform Foreign-Country Money Judgments Recognition Act (the "Act"), which provides for the efficient recognition of money judgments from outside the United States.  RCW 6.40A *et seq.*  The Act applies to all foreign-country judgments which: (i) grant or deny recovery of a sum of money; and (ii) are final, conclusive, and enforceable in the country where rendered.  RCW 6.40A.020.  The party seeking recognition of a judgment bears the burden of establishing applicability.  *Id.*  The Act also provides for a number of compulsory and discretionary grounds for non-recognition, for which the party resisting recognition bears the burden to establish.  RCW 6.40A.030.

It is clear the Bulgarian Judgment grants a recovery of a sum of money.  *See* Bulgarian Judgment, docket no. 3, at 6-9.  It is not a judgment for taxes, fine or other penalty, or a judgment for divorce, support, or maintenance.  RCW 6.40A.020(2).  The Bulgarian Judgment is also final, conclusive and enforceable.  *See* Bulgarian Judgment,

ORDER - 2

docket no. 3, at 1("The judgment is final and entered into legal force."); 9 ("This is a final Judgment; it shall be binding upon the Parties and shall be enforceable."). Thus, plaintiff has established a prime facie case of recognition. Defendant accordingly bears the burden to prove an exception to recognition. RCW 6.40A.030. As defendant has not appeared in this case, there is no evidence in the record that an exception applies. The Court therefore concludes the Bulgarian Judgment is recognizable under the Act.

*Conclusion*

　　Plaintiff's motion is GRANTED. Plaintiff is DIRECTED to file with the Court a proposed judgment complying with RCW 6.44.070 by Friday, May 13, 2016.

　　IT IS SO ORDERED.

　　Dated this 26th day of April, 2016.

　　　　　　　　　　　　　　　　　　/s/ Thomas S. Zilly
　　　　　　　　　　　　　　　　　　Thomas S. Zilly
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 3